IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | NO.  07-174-03 |
| | : | |
| ROGER CANNON | : | NO.  07-181-01 |

DuBOIS, J.                                                                                             December 14, 2011

## M E M O R A N D U M

### I.     Introduction

In April and May 2007, defendant Roger Cannon was charged in two separate cases[1] with offenses related to distribution of cocaine base ("crack") (referred to as "crack cocaine").[2] Pursuant to a plea agreement with the government, defendant pled guilty in both cases to a total of three charges: Conspiracy to Distribute Fifty Grams or More of Cocaine Base; Distribution of Five or More Grams of Cocaine Base Within 1000 Feet of a School; and Distribution of Fifty Grams or More of Cocaine Base Within 1000 Feet of a School.  In the plea agreement, defendant stipulated that the offenses involved 101 grams of crack cocaine.

Presently before the Court are defendant's Pro Se Motion for Re-Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) and counseled Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  Defendant seeks resentencing based on certain amendments to the United States Sentencing Guidelines ("USSG") on crack cocaine offenses that were promulgated and

---

[1] The cases implicated other individuals as co-defendants. The proceedings against those individuals are not relevant to the matters presently before the Court.

[2] In its Memorandum, the government refers to the substance at issue as "crack," and defendant refers to it as "crack cocaine." "'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form."  USSG § 2D1.1(D).

given retroactive effect after his original sentencing. For the reasons set forth below, defendant's motions are denied.

## II.     Background

### A. Charges and Plea Agreement

In case 07-174-03,[3] on May 2, 2007, defendant was charged in a Superseding Indictment with: Count One, Conspiracy to Distribute Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846(a)(1) and (b)(1)(C); Count Seventeen, Distribution of Five or More Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and Count Eighteen, Distribution of Five or More Grams of Cocaine Base Within 1000 Feet of a School, in violation of 21 U.S.C. § 860. In case 07-181-01, on April 25, 2007, defendant was charged by Superseding Indictment with: Count One, Distribution of Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); and Count Two, Distribution of Fifty Grams or More of Cocaine Base Within 1000 Feet of a School, in violation of 21 U.S.C. § 860.

Defendant entered into a plea agreement with the government that encompassed both cases. He agreed to plead guilty to Counts One and Eighteen in case 07-174-03 and to Count Two in case 07-181-01. As part of the plea agreement, the parties stipulated as follows:

1. The quantity of crack cocaine for which defendant was criminally responsible was 101 grams.
2. Defendant was eligible for a three-level downward adjustment for acceptance of responsibility under USSG §§ 3E1.1(a) and (b).[4]

---

[3] Judge Fullam sentenced defendant in both Case No. 07-174-03 and Case No. 07-181-01. Case No. 07-174-03 was transferred to this Court by Order of Chief Judge Joyner on July 12, 2011, and Case No. 07-181-01 was transferred by similar order on October 21, 2011.

[4] As discussed infra, defendant's original sentence was calculated using the November 1, 2007, edition of the USSG ("the 2007 edition"), and the version currently in effect is the November 1,

3. At the time of sentencing, if the government concluded that the defendant rendered substantial assistance in the investigation or prosecution of another individual charged with a crime, the government would move for a downward departure from the guideline sentencing range and mandatory minimum sentence pursuant to USSG § 5K1.1 and 18 U.S.C § 3553(e).

### B. Guideline Calculation and Sentence

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that contained the sentencing guideline calculation for defendant. All three offenses of conviction grouped together pursuant to USSG § 3D1.2. Defendant's base offense level was thirty-two: two levels for a controlled-substance offense involving a protected location, see id. § 2D1.2(a)(1), plus thirty levels for distribution of 101 grams of crack cocaine, see id. § 2D1.1(c)(5) (2007 ed.). Defendant received the agreed-upon three-level deduction for acceptance of responsibility under § 3E1.1(a) and § 3E1.1(b), bringing his total offense level to twenty-nine. Defendant's criminal history category was III. See id. ch. 4. With an offense level of twenty-nine and a criminal history category of III,[5] defendant's guideline sentence before consideration of any mandatory minimum sentences was 108 to 135 months' imprisonment. See id. ch. 5 pt. A.

Each offense of conviction carried a statutory mandatory minimum sentence. Conspiracy to Distribute Fifty Grams or More of Cocaine Base had a mandatory minimum penalty of ten years' incarceration. See 21 U.S.C. §§ 841(b)(1)(A)(iii), 846 (2006) (amended Oct. 15, 2008). Distribution of Five or More Grams of Cocaine Base Within 1000 Feet of a School had a

---

2011, edition ("the 2011 edition"). The Court specifies the USSG edition in citations only when the cited provision in the 2011 edition is different in relevant part from the 2007 edition.

[5] Defendant has not challenged the accuracy of these calculations; the sole issue defendant's motion presents is the potential application of certain amendments to the guideline ranges.

mandatory minimum penalty of five years' incarceration.  See id. § 841(b)(1)(B)(iii) (2006), 21 U.S.C. § 860.  Distribution of Fifty Grams or More of Cocaine Base Within 1000 Feet of a School had a mandatory minimum penalty of ten years' incarceration.  See id. § 841(b)(1)(A)(iii) (2006); id. § 860.  Because two of the offenses had mandatory minimum penalties of ten years – 120 months – of incarceration, defendant's guideline range became 120 to 135 months.  See USSG § 5G1.1(c)(2) ("[T]he sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence.").

The cases were consolidated for sentencing before Judge Fullam on May 20, 2008, who adopted the PSR.  At sentencing, the government moved for a downward departure from the applicable guideline range and mandatory minimum sentences based on defendant's substantial assistance, pursuant to USSG § 5K1.1 and 18 U.S.C § 3553(e).  Judge Fullam imposed a sentence of 84 months' incarceration in each case, to run concurrently.  (See Judgment in Case No. 07-cr-174-03, Doc. No. 154, at 2; Judgment in Case No. 07-cr-181-01, Doc. No. 65, at 2.)[6]

### C. Fair Sentencing Act of 2010 and 2010 USSG Amendment; Defendant's First Pro Se Motion for Resentencing

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("the FSA"), Pub. L. No. 111 220, 124 Stat. 2372, which, inter alia, modified the penalties for crack cocaine offenses.  The FSA authorized the United States Sentencing Commission ("USSC") to amend the USSG to give effect to the FSA on an emergency basis.  Id. § 8.  Accordingly, the USSC issued Amendment 748.  That provision became effective on November 1, 2010, "conform[ed] the guideline penalty structure [in USSG § 2D1.1(c)] for crack cocaine offenses to the approach followed for other drugs," and assigned "offenses involving 28 grams or more of crack cocaine

---

[6] Judge Fullam also imposed seven years' supervised release in each case, to run concurrently, and a total of $300.00 in special assessments.  Those provisions of the sentence are not at issue.

. . . a base offense level of 26." USSG App. C, Amend. 748, "Reason for Amendment."[7] The emergency amendment was not made retroactive. See USSG § 1B1.10 (2010 ed.).

Defendant filed a pro se Motion for Re-Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) ("Def.'s First Pro Se Mot.") on October 14, 2010. In that motion, filed "in anticipation of a favorable decision as to the retroactive applicability" of the FSA, defendant asked the Court to resentence him using the lowered guidelines. (Def.'s First Pro Se Mot. 2.) Upon Judge Fullam's request, the Federal Community Defender Office reviewed defendant's motion and advised defendant and the Court that the FSA had not been made retroactive. (Correspondence from Felicia Sarner, Esq., Case No. 07-cr-174 Doc. No. 165, Case No. 07-cr-181 Doc. No. 87.) Judge Fullam denied defendant's motion on February 8, 2011.

### D.  2011 USSG Amendments

Amendment 750 to the USSG, which became effective on November 1, 2011, made the changes in Amendment 748, including the crack cocaine offense guideline revisions, permanent. USSG App. C, Amend. 750. The USSC also issued Amendment 759, which became effective November 1, 2011, and potentially affects this case in two ways. First, Amendment 759 made the changes to the crack cocaine sentencing guideline revisions in Amendment 750 retroactive. See USSG App. C, Amend. 750, "Reason for Amendment." Second, Amendment 759 modifies USSG § 1B1.10, which governs when a term of imprisonment may be reduced due to amended guideline ranges. See id.

### E.  Defendant's Second Pro Se Motion for Resentencing & Supplemental Motion

Defendant filed a second pro se Motion for Re-Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) on October 19, 2011, and counsel filed a Supplemental Motion to Reduce Sentence

---

[7] The FSA also modified the mandatory minimum penalties for crack cocaine offenses. See 21 U.S.C. § 841(b). That amendment is not retroactive, nor does defendant argue that it is.

-5-

Pursuant to 18 U.S.C. § 3582(c)(2) and Memorandum of Law in Support (collectively, "Def.'s Supp. Mot.") on November 4, 2011. According to defendant, he should receive the benefit of the lowered crack cocaine offense guidelines notwithstanding the statutory mandatory minimum penalties. (Def.'s Supp. Mot. 2-4.) Defendant contends that the amended guidelines would provide a guideline range of seventy-eight to ninety-seven months[8] and that, under the 2011-effective modifications to USSG § 1B1.10, the Court should consider this lowered range, not the statutory mandatory minimum, in evaluating the motion for resentencing. (Id.) Therefore, defendant argues, the Court should modify his sentence to fifty-five months, applying a proportional downward departure to Judge Fullam's original 18 U.S.C. § 3553(e) and USSG § 5K1.1 downward departure from 120 months to eighty-four months. (Def.'s Supp. Mot. 3, 6-11.)

The government opposes defendant's motion for resentencing. It argues that the amendments to USSG § 1B1.10 do not alter the way the Court must apply the statutory mandatory minimum penalty, which establishes defendant's "applicable guideline range" at 120 months notwithstanding the lowered guideline ranges for crack cocaine offenses. (Gov't's Resp. Def.'s Mot. Reduction Sentence Pursuant 18 U.S.C. § 3582(c)(2) ("Gov't Resp.") 5-14.)

## III. Legal Standard

18 U.S.C. § 3582(c)(2) provides, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the

---

[8] As discussed infra, defendant incorrectly treats the amended crack cocaine guidelines as establishing a three-step reduction instead of a four-step reduction. If there were no applicable mandatory minimums, the four-step reduction would yield a guideline range of seventy to eighty-seven months. See USSG ch. 5 pt. A.

>factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the [USSC].

This statute creates a two-step inquiry. Dillon v. United States, __ U.S. __, 130 S. Ct. 2683, 2691 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

In step one, the Court must "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 2691. The newly revised version of USSG § 1B1.10, effective November 1, 2011, provides, in relevant part:

>(a) Authority.—
>
>>(1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). . . .
>>
>>(2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>>(A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>>(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. . . .
>
>(b) Determination of Reduction in Term of Imprisonment.—
>
>>(1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is

> warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) Limitation and Prohibition on Extent of Reduction.—
> (A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.
>
> (C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> (c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: . . . 750 (parts A and C only).

The Court must determine whether "the amended guideline range that would have been applicable" to defendant has been lowered, and it must do so by substituting only the revised offense guidelines of Amendment 750 and leaving the rest of the calculation as it was. See USSG § 1B1.10(b)(1) (2011 ed.). If the revised offense guideline range is lower, resentencing is consistent with USSG § 1B1.10, and the Court may proceed to step two of the Dillon analysis. However, if the revised offense guidelines do not have the "effect of lowering the defendant's

applicable guideline range," a sentencing reduction is not consistent with USSG § 1B1.10, and the Court's inquiry is complete. See USSG § 1B1.10(a)(2)(B) (2011 ed.).

**IV.    Discussion**

Under the revised guidelines for crack cocaine offenses, 101 grams of crack cocaine increases the base offense level by twenty-six levels instead of thirty levels. See USSG § 2D1.1(7) (2011 edition). Revised USSG § 1B1.10(b)(1) provides that "the court shall substitute <u>only the amendments listed in subsection (c)</u> . . . <u>and shall leave all other guideline application decisions unaffected</u>," (emphasis added). Thus, other aspects of the calculation remain unchanged: the offense level is increased by two levels for the protected zone, see id. § 2D1.2(a)(1) (2007 ed.), and is decreased by three levels for acceptance of responsibility, see id. §§ 3E1.1(a)-(b) (2007 ed.), giving an offense level of twenty-five. This offense level, matched with a criminal history of III, would result in a sentence of seventy to eighty-seven months' incarceration before consideration of the mandatory minimums. See id. ch. 5 pt. A.

The next step in the guidelines analysis – application of the statutory mandatory minimum penalties – is the primary issue in the case. According to the government, the 2011 USSG amendments have not invalidated United States v. Doe, 564 F.3d 305, 311-12 (3d Cir. 2009), which interpreted the prior version of USSG § 1B1.10 to foreclose the argument defendant has raised in this case. (Gov't Resp. 9-15.) If the government is correct, under Doe, USSG § 5G1.1(b) provides the guideline sentence in defendant's case: because the offenses of conviction carried a mandatory minimum sentence of 120 months, the "statutorily required minimum sentence is greater than the maximum of the applicable guideline range," and the "statutorily required minimum sentence [of 120 months] shall be the guideline sentence."

Therefore, the government argues, the amended guideline range remains the same as that applied at defendant's original sentencing, and resentencing is not appropriate.

Defendant contends that the amendments to USSG § 1B1.10 compel a different result from that dictated by Doe. Specifically, defendant argues that the USSG now distinguishes between "the applicable guideline range," which is determined solely by defendant's offense level and criminal history, and the applicable "guideline sentence," which takes into account the mandatory minimum. (Def.'s Supp. Mot. 8 (emphasis added).) According to defendant, resentencing is appropriate because the Court may reduce a sentence when "the guideline range applicable to that defendant has subsequently been lowered [by a retroactive amendment]." USSG § 1B1.10(a)(1) (2011 ed.) (emphasis added).

The Court reviews the Third Circuit's holding in Doe before addressing the 2011 amendments to USSG § 1B1.10.

### A. The Third Circuit's Opinion in United States v. Doe

In Doe, the Third Circuit upheld a district court's denial of the resentencing motions of two defendants who sought relief under the 2007 amendments to the crack cocaine sentencing guideline ranges. 564 F.3d at 307. Like defendant in this case, both defendants in Doe were subject to statutory mandatory minimum sentences that exceeded the guideline ranges that otherwise would have applied based on their offense levels and criminal histories. Id. at 308. As in this case, at sentencing the district court in Doe granted the government's motion to depart downward under 18 U.S.C. § 3553(e) and USSG § 5K1.1. Id. Both defendants in Doe – like defendant in this case – ultimately received sentences below both the guideline ranges and the statutory mandatory minimum sentences. Id.

On appeal, the defendants in <u>Doe</u> argued that they were entitled to resentencing under the then-effective version of USSG § 1B1.10 because their "applicable guideline ranges" were lowered by the 2007 crack cocaine amendments. 564 F.3d at 311-12. The 2007 version of § 1B1.10 provided in relevant part:

> (a) Where a defendant is serving a term of imprisonment, and the <u>guideline range</u> applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized.
>
> (b) In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines . . . been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

USSG § 1B1.10 (2007 ed.) (emphasis added).

The <u>Doe</u> defendants asked the Third Circuit to distinguish between (1) the "applicable guideline <u>range</u>," as used in § 1B1.10 and solely based on a defendant's offense level and criminal history; and (2) the "applicable guideline <u>sentence</u>," as used in § 5G1.1 and computed after taking the mandatory minimum into account. <u>Id.</u> (emphasis added). The Court rejected this argument, noting that "[b]oth the Guideline language and Third Circuit precedent require[d] otherwise." <u>Id.</u> The <u>Doe</u> court reasoned:

> The Appellants argue that the term "applicable guideline range" cannot refer to the Guideline sentence because the Guidelines create a distinction between the terms. The simplicity of this argument is appealing, but nevertheless it is dispelled by the clear import of the § 1B1.1 order for sentence determination, the

-11-

> language of § 5G1.1(b), the commentary to § 1B1.10 and our holding in [United States v. Cordero, 313 F.3d 161 (3d Cir. 2002)].
>
> The key term is "applicable" Guideline range, rather than "initial" Guideline range. Because the Appellants' mandatory minimum sentences under § 5G1.1(b) subsumed and displaced their initial Guideline ranges, the applicable Guideline range for purposes of § 1B1.10(a)(2)(B) must be the Appellants' mandatory minimum sentences, which were not affected by Amendment 706. See also United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that a defendant is not eligible for resentencing under § 3582(c)(2) where "a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based").

Id.

Defendant's argument in this case presents the same issue as in Doe. Thus, his motion must be denied unless the 2011-effective amendments to the USSG compel a different result.

### B. 2011 USSG Amendments

Defendant's argument as to the 2011 USSG amendments has two parts. First, defendant asserts that amended § 1B1.10, read in context with its commentary and other provisions, establishes a meaningful distinction between guideline "range" and "sentence." (Def.'s Supp. Mot. 5-10.) Second, defendant contends that USSG § 1B1.10(b)(2)(B), the "exception for substantial assistance," permits the Court to resentence defendant because Judge Fullam departed below the mandatory minimum pursuant to 18 U.S.C. § 3553(e). (Def.'s Supp. Mot. 5-10.) The Court addresses each part of the argument in turn.

#### 1. *The Amended Guidelines Do Not Differentiate Between a Guideline "Range" and "Sentence"*

In arguing that resentencing is appropriate, defendant relies on what he asserts is "the new definition of 'applicable guideline range.'" (Def.'s Supp. Mot. 8.) This "definition," which appears in the commentary to the 2011 version of USSG § 1B1.10, states, "Eligibility for

consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." USSG § 1B1.10, commentary (n. 1(A)) (2011 ed.) (emphasis added).

To further support his attempt to distinguish an applicable guideline range from an applicable guideline sentence, defendant cites USSG § 1B1.1,[9] which dictates the order in which courts apply the guidelines. That ordering requires the Court to "[d]etermine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history" before applying the mandatory minimum under USSG § 5G1.1. See USSG §§ 1B1.1(g)-(h) (2007 ed.) (emphasis added). According to defendant, this reference proves the "applicable guideline range" concerns only the calculation based on offense level and criminal history score, while the "guideline sentence . . . is not determined until the next step," when the Court considers USSG §§ 5G1.1 and 5K1.1. (Def.'s Supp. Mot. 8 (emphasis added).)

The Court concludes that defendant's reliance on USSG § 1B1.10 commentary 1(a) is misplaced. The USSC left unchanged another portion of that commentary, which states:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

---

[9] Defendant cites the 2011-effective version of USSG § 1B1.1. Because the Court's task in evaluating a motion for resentencing is to "substitute only the amendments listed in [§ 1B1.10(c) (2011 ed.)]," and Amendment 741 is not listed therein, the Court must apply the 2007 edition of § 1B1.1. See USSG § 1B1.10(b)(1). Defendant's argument is based on language in § 1B1.1 that has not changed between the 2007 and 2011 editions of the USSG. However, other 2011 revisions to § 1B1.1 counsel against defendant's argument for resentencing. See infra n.10.

USSG § 1B1.10, comment. (n. 1(A)) (2011 ed.) (emphasis added). The Doe court cited this language in support of its conclusion that resentencing was not appropriate. 564 F.3d at 312 (citing 2007 edition). This commentary makes clear that the term "applicable guideline range" encompasses statutory mandatory minimums, which may – as in this case – trump a retroactive amendment to the offense tables. Moreover, neither the other provisions of amended § 1B1.10 nor the commentary thereto provide any evidence that the USSC intended the 2011 amendments to circumvent application of the statutory mandatory minimums.

Defendant is also incorrect that USSG § 1B1.1 implies that § 1B1.10 now requires resentencing in cases like this one. A mere instruction to determine "the guideline range . . . that corresponds to the offense level and criminal history category" before considering mandatory minimums and departures, USSG § 1B1.1 (2007 ed.) (emphasis added), does not create a legally significant distinction between a guideline "sentence" and "range." The reference to "guideline sentence[s]" in USSG § 5G1.1(b) (emphasis added) only shows that, "where the statutorily authorized minimum sentence is greater than the maximum of the applicable guideline range," there is no longer a guideline range; rather, there is only one "guideline sentence" – the mandatory minimum. Cf. USSG § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Contrary to defendant's argument, where the mandatory minimum does not exceed the high end of the guideline range, the guidelines still contemplate the existence of a "guideline range": "the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required mandatory minimum sentence."[10] See USSG § 5G1.1(c)(2).

---

[10] Although the 2011 version of USSG § 1B1.1(a) does not apply in this case, the 2011 amendments to that provision undermine defendant's argument because application of statutory

The Court concludes that the 2011 version of USSG § 1B1.10 does not create a distinction between an "applicable guideline range" and an "applicable sentence." The 2011 amendments do not invalidate <u>Doe</u>'s holding that "the term 'applicable guideline range' in [§ 1B1.10(a)] refer[s] to the . . . Guideline sentence as calculated under § 5G1.1(b) because that sentence subsume[s] and replace[s] [the] initial sentencing ranges calculated under § 5A." <u>See</u> 564 F.3d at 311. Even applying the crack cocaine amendments, the defendant's guideline range is unchanged because of the mandatory minimum sentence. Thus, defendant is not entitled to resentencing. <u>See</u> USSG § 1B1.10(a)(1)(B) (2011 ed.).

### 2. *Amended § 1B1.10(b)(2)(B) Does Not Entitle Defendant to a Comparable Reduction Based on Substantial Assistance.*

According to defendant, USSG § 1B1.10(b)(2)(B) – newly added by the 2011 amendments – also demonstrates that defendant is eligible for resentencing. That provision provides:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

USSG § 1B1.10(b)(2)(B) (2011 ed.). Defendant contends that this section "give[s] special treatment" to "defendants who faced mandatory minimum sentences but received substantial assistance departures." (Def.'s Supp. Mot. 9.)

The Court rejects defendant's argument. § 1B1.10(b)(2)(B) is not an independent grant of authority to reduce a sentence. There is no "amended guideline range determined under subdivision (1)" in this case because, as discussed <u>supra</u>, the guideline range applicable to

---

mandatory minimums is now listed as step eight in the determination of "the guideline <u>range</u>." USSG § 1B1.1(a) (2011 ed.) (emphasis added).

defendant is the mandatory 120-month minimum, which the crack cocaine amendments have not altered. Moreover, USSG § 1B1.10(b)(2)(B) appears in the subsection of § 1B1.10 titled "Limitation and Prohibition on Extent of Reduction." The structure of amended § 1B1.10 makes clear that § 1B1.10(b)(2)(B) is relevant only when the Court has already determined that a reduction is appropriate based on an "amended guideline range." The commentary confirms this result, providing an example in which the original guideline range was seventy to eighty-seven months, the amended range was fifty-one to sixty-three months, and the original sentence after a downward departure was fifty-six months. See USSG § 1B1.10, comment. (n. 3) (2011 ed.). According to the commentary, a sentence of forty-one months' incarceration would be a "comparable" reduction. Id. Because there is no "amended guideline range" in this case, defendant is not entitled to a reduction.

The Court thus concludes that defendant is not entitled to resentencing based on the "exception for substantial assistance" in the 2011 edition of the USSG.

**V.      Conclusion**

Because Amendment 750 "does not have the effect of lowering the defendant's applicable guideline range," USSG § 1B1.10(a)(2)(B) (2011 ed.), defendant is not entitled to resentencing. A reduction in defendant's sentence would not be consistent with the USSC's policy statement and is not contemplated by 18 U.S.C. § 3582(c)(2). Defendant's Pro Se Motion for Re-Sentencing Pursuant to 18 U.S.C. § 3582(c)(2) and counseled Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) are denied.

An appropriate Order follows.